Matter of Pierce v Howard (2020 NY Slip Op 00742)





Matter of Pierce v Howard


2020 NY Slip Op 00742


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


921 CA 19-00711

[*1]IN THE MATTER OF REVEREND EUGENE L. PIERCE, NAN L. HAYNES, KARIMA AMIN, AND CHARLES J. CULHANE, PETITIONERS-RESPONDENTS,
v
SHERIFF TIMOTHY B. HOWARD, RESPONDENT-APPELLANT. 






MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ANNA MARIE RICHMOND, BUFFALO, FOR PETITIONERS-RESPONDENTS.


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Mark A. Montour, J.), entered November 21, 2018 in a proceeding pursuant to CPLR article 78. The judgment granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is granted, and the petition is dismissed.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to compel respondent "to internally review and assess all incidents of a serious or potentially problematic nature, and report incidents to the New York State Commission of Corrections, pursuant to 9 NYCRR [ ] 7022.1-7022.4, as required by the Commission's Reportable Incident Guidelines." Respondent filed an answer and asserted objections in point of law, including that petitioners, who are former members of the Erie County Community Corrections Advisory Board, lacked standing to bring this proceeding, which objection Supreme Court treated as a motion to dismiss the petition. The court denied the motion to dismiss and granted the petition. Respondent appeals.
We agree with respondent that petitioners lack standing to bring this proceeding inasmuch as they cannot establish either the requisite " injury in fact' " or that the injury petitioners assert falls within the "zone of interests or concerns sought to be promoted or protected by the . . . provision" in question (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]). Further, we have previously held that enforcement of the State Commission of Correction's Minimum Standards and Regulations, which include 9 NYCRR part 7022, "is a matter for the Commission of Correction or others in the executive branch of government and not for the courts" (Powlowski v Wullich, 102 AD2d 575, 583 [4th Dept 1984]).
In light of our determination, we do not address respondent's remaining contentions on appeal.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court